Case 2:21-cv-00086-ACE    ECF No. 27    filed 10/13/22    PageID.697    Page 1 of 13

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARIN R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 2:21-CV-00086-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS <br><br> **ECF No. 17, 18** |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 18. Attorney Christopher H. Dellert represents Darin R. (Plaintiff); Special Assistant United States Attorney Katherine B. Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment;

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . . - 1

and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits in February 2019, Tr. 230, 240, alleging disability since 2016, due to depression, schizophrenia, bipolar disorder, anxiety, social anxiety, mood swings, sleep deprivation, no concentration, lethargic/no energy, and panic. Tr. 273. Plaintiff subsequently amended the alleged onset date to November 1, 2018. Tr. 15, 44. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on September 1, 2020, Tr. 37-66, and issued an unfavorable decision on September 29, 2020, Tr. 15-26. The Appeals Council denied Plaintiff's request for review on December 11, 2020. Tr. 1-5. The ALJ's September 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 16, 2021. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on October 4, 1979, Tr. 240, and was 39 years old on the amended alleged disability onset date, November 1, 2018, Tr. 44. He completed high school and one year of college, Tr. 43, 274, and has past work as a prep cook, short-order cook, and hotel manager, Tr. 56-57.

Plaintiff's disability report indicates he stopped working on June 2, 2016, because of his conditions. Tr. 273. At the administrative hearing, Plaintiff testified he stopped working following a "nervous breakdown" in November 2018. Tr. 45. He stated he could not work because he has a difficult time working with others and experiences paranoia in public. Tr. 47. Plaintiff also discussed his depression, ADHD, hearing voices, lack of concentration, and medication side-effects. Tr. 46, 48-49. Plaintiff indicated the voices he hears encourage him to do

good deeds and be a kind person. Tr. 51-52. Plaintiff testified he wanted to be a productive member of society but did not have the will to do so. Tr. 54.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant

bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 29, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2018, the amended alleged disability onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: schizoaffective disorder, a depressive disorder, attention deficit-hyperactivity disorder (ADHD), diabetes, and obesity. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform medium exertion level work with the following limitations: he can lift and/or carry up to 25 pounds regularly or frequently and 50 pounds occasionally; he is unable to climb ladders, ropes, or scaffolds, or otherwise be exposed to unprotected heights (due to his obesity); and he requires a low stress, predictable work environment with only occasional, simple work place changes, no

production, pace, or sales quotas or conveyor belt work, and only brief, no more than superficial, interaction with the general public, coworkers, and supervisors, with whom he could have more contact during training periods. Tr. 19.

At step four, the ALJ found Plaintiff was able to perform his past relevant work as a prep and short order cook. Tr. 24.

The ALJ alternatively determined, at step five, that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of laundry worker; stores, laborer; bus person; courier; office helper; and mailroom clerk. Tr. 24-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from November 1, 2018, the amended alleged disability onset date, through the date of the ALJ's decision, September 29, 2020. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred by: (1) failing to provide specific, clear, and convincing reasons for discounting Plaintiff's allegations of mental dysfunction; and (2) failing to provide specific and legitimate reasons for discounting the treating medical source opinion of Michelle Taylor, A.R.N.P., and the examining medical source opinion of Thomas Genthe, Ph.D. ECF No. 17 at 2.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff asserts the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 17 at 10-18. Plaintiff specifically asserts the

ALJ erred by failing to provide specific and legitimate reasons for discounting the examining opinions of Dr. Genthe and treating opinions of Nurse Taylor.  ECF No. 17 at 10-18.

Defendant responds the ALJ reasonably evaluated the medical opinion evidence pursuant to the new regulations.  ECF No. 18 at 9.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources.  20 C.F.R. § 416.920c(a).  Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an acceptable medical source. 20 C.F.R. § 416.920c(c).  The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  *Id.*  The regulations make clear that the supportability and consistency of the opinion are the most important factors and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 416.920a(b).  The ALJ may explain how they considered the other factors, but the ALJ is not required to except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*

///

///

///

Supportability and consistency are further explained in the regulations as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

### 1.   Thomas Genthe, Ph.D.

On December 10, 2018, Thomas Genthe, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff. Tr. 362-367. Dr. Genthe diagnosed schizoaffective disorder, depressive type, and attention-deficit/hyperactivity disorder, combined presentation, and opined Plaintiff had moderate to marked limitations in several categories of work-related mental functioning with an overall severity rating of marked. Tr. 364-365. Dr. Genthe wrote that "a period of no less than 12 months may likely be needed to address his treatment needs at least moderately well, and help him regain the necessary emotional functioning to resume fulltime work related activities." Tr. 365.

The ALJ found the opinion of Dr. Genthe was not persuasive. Tr. 23. The ALJ determined Dr. Genthe's assessment was not consistent with Plaintiff's treatment records, which showed he reported doing well and was looking for employment; noted Dr. Genthe estimated the duration of the Plaintiff's impairment limitations was 12 months and that vocational training or services would minimize or eliminate barriers to employment; indicated Plaintiff's test results could only be

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

assumed to be invalid, which would render any associated assessment suspect; and mentioned Dr. Genthe's assessment was a one-time evaluation. Tr. 23.

First, the ALJ failed to specifically articulate how he considered Dr. Genthe's evaluation in terms of supportability, as required by the revised regulations. 20 C.F.R. § 416.920c(b). In any event, the undersigned finds the ALJ's rationale with respect to his entire analysis of Dr. Genthe is not supported by substantial evidence. *See infra.*

Regarding consistency, the ALJ stated only that the opinion was not consistent with Plaintiff's treatment records, which show he reported doing well and was looking for employment. Tr. 23. However, cycles of improvement and debilitating symptoms are a common occurrence with mental health issues, and it is error for an ALJ to pick out isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) citing *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Furthermore, contrary to the ALJ's finding, Plaintiff was not looking for work during the relevant time period in this case. Rather, the record reflects Plaintiff reported he would begin looking for work during an appointment in February 2014, Tr. 537, two years prior to the initial alleged onset date and over four years prior to the amended disability onset date. The ALJ's interpretation of Dr. Genthe's report as being inconsistent is not supported by substantial evidence.

Next, contrary to the ALJ's assertion regarding the duration of Plaintiff's impairment limitations lasting only 12 months, Tr. 23, the report from Dr. Genthe is more nuanced. While it is correct that where the form first called for a specific

length of time of anticipated impairment, Dr. Genthe inserted "12 months," Tr. 365, in his summary and conclusions for the same section on the same page, he clearly stated "a period of **no less than 12 months** may likely be needed to address his treatment needs at least moderately well." *Id*. (emphasis added). *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (an individual shall be considered disabled if he has an impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months). Dr. Genthe's assessed limitations would meet the duration requirements of the Act.

With regard to the ALJ's finding that Dr. Genthe's test results could only be assumed to be invalid, which would render any associated assessment suspect, Tr. 23, Dr. Genthe did find the results of the Personality Assessment Inventory (PAI) were invalid and that no clinical interpretation was provided, Tr. 367. However, Dr. Genthe reported there were several potential reasons for this invalid test, including "reading difficulties, careless or random responding, marked confusion, or failure to follow the test instructions." Tr. 367. Moreover, Dr. Genthe only determined that one portion of his larger evaluation, that portion specifically addressing the PAI panel of questions, was invalid. As asserted by Plaintiff, ECF No. 17 at 15-16, the remainder of the evaluation produced valid indicators of Plaintiff's mental functioning and supported Dr. Genthe's opinion. Tr. 362-367. Even though one aspect of Plaintiff's mental status exam was invalid, it does not negate the other findings of the evaluation or Dr. Genthe's professional assessment.

Finally, the ALJ's rejection of Dr. Genthe's opinion because it was "a one-time evaluation," Tr. 23, was not a valid basis for rejecting the opinion. *See e.g. Gonzalez v. Berryhill*, 2018 WL 1415169 at *3 (C.D. Cal. 2018) (The ALJ's finding that a doctor's opinion was based on a one-time examination is not a specific and legitimate reason to reject the opinion. By definition, an examining source will often have based his or her conclusions on a single examination.);

*Lopez v. Colvin*, 194 F.Supp.3d 903, 917 (D. Ariz. 2016) (Fact that a doctor's "opinion was based on a single examination is relevant, but is not, standing alone, a legitimate reason for rejecting his opinion. It simply cannot be said that every one-time examination is inaccurate."). Furthermore, the current regulatory framework provides that the ALJ may not exclude a medical source merely because the source falls within a particular category; i.e., a treating physician, a one-time examining physician, or a non-examining/reviewing physician.

Based on the foregoing, the Court finds the ALJ's analysis as to Dr. Genthe is not supported by substantial evidence. Because the ALJ erred by failed to adequately evaluate Dr. Genthe's opinion, this matter must be remanded.[3]

### 2.    Michelle Taylor, A.R.N.P.

On November 4, 2019, Nurse Taylor completed a mental source statement form for Plaintiff. Tr. 454-456. Ms. Taylor checked boxes indicating Plaintiff had several moderate and marked mental limitations.[4] *Id*. She additionally found that Plaintiff would likely be off task over 30% of the time during a 40-hour work week and would likely miss 3 to 4 or more days per month. Tr. 456.

The ALJ determined the assessment of Nurse Taylor could not be found persuasive. Tr. 23-24. The ALJ held Nurse Taylor's indications were contradictory; specifically, her indication that Plaintiff was "severely" limited for responding appropriately to changes in the work setting, contradicted her

---

[3]The Court notes that the commentary to the revised regulations specifically indicates that the intent in the new rules was "to make it clear that it is never appropriate under our rules to 'credit-as-true' any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017).

[4]Nurse Taylor also assessed Plaintiff's ability to respond appropriately to changes in the work setting as "severely limited." Tr. 455.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

indications that Plaintiff was only "moderately" limited traveling in unfamiliar places, using transportation, responding appropriately, taking precautions for normal hazards, and setting realistic goals and making plans independently of others. Tr. 23-24. The ALJ also found Nurse Taylor provided no associated explanation or narrative, the assessed limitations were not consistent with Plaintiff's treatment records, and Nurse Taylor marked that Plaintiff was only "moderately" limited in each of the four broad areas of functioning under paragraph B. Tr. 24.

As this claim is being remanded for further consideration of the persuasiveness of Dr. Genthe's opinion, the Court finds, without discussion, that the ALJ shall also be directed to reevaluate Nurse Taylor's opinion regarding Plaintiff's functioning and readdress its supportability and consistency with other evidence in the record. However, the Court is compelled to comment that a medical professional's opinion regarding one functional limitation is separate and distinct from his or her opinion as to other functional limitations; therefore, the ALJ's finding that Nurse Taylor's "indications are oddly contradictory," is plainly not supported.

**B.    Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ erred by failing to provide specific, clear, and convincing reasons for discounting his allegations of mental dysfunction. ECF No. 17 at 4. Defendant responds the ALJ reasonably evaluated Plaintiff's symptom testimony. ECF No. 18 at 2.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998).

Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 20. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) Plaintiff's mental condition was stable and he was doing well on medications; (2) Plaintiff performed good deeds by helping the elderly at the grocery story; and (3) Plaintiff lost his job for reasons not related to his mental condition. Tr. 20.

While the ALJ's reasons for discounting Plaintiff's subjective complaints may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy the ALJ's errors pertaining to Plaintiff's functioning during the relevant time period. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for additional proceedings. ECF No. 17 at 2, 19. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*.

Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Here, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reassess Plaintiff's mental impairments and limitations, specifically taking into consideration the opinions of Dr. Genthe and Nurse Taylor as discussed above. The ALJ shall also consider further developing the record by directing Plaintiff to undergo a new consultative psychological examination to assist the ALJ in assessing Plaintiff's functioning during the relevant time period. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REVERSED and REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED October 13, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE